UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KATHY R., | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
| v. | )    2:18-cv-00219-GZS |
| | ) |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) |
| | ) |
|    Defendant | ) |

## REPORT AND RECOMMENDED DECISION

On Plaintiff Kathy R.'s application for supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

## The Administrative Findings

The Commissioner's final decision is the April 18, 2017 decision of the Administrative Law Judge. (ALJ Decision, ECF No. 9-2.)[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of major depressive disorder, personality disorder, and obesity. (ALJ Decision ¶¶ 2, 3, R. 24-25.) The ALJ concluded that Plaintiff retains the residual functional capacity (RFC) for work at all exertional levels, subject to "no more than occasional postural adaptations" and the avoidance of hazardous or challenging environments (heights, machinery, ladders, ropes, scaffolds, loud noises, temperature extremes, and pulmonary irritants). Additionally, Plaintiff's mental RFC permits simple, routine, repetitive tasks involving no more than incidental (no more than 1/6 of the workday) use of independent judgment or discretion, or changes in work processes. Finally, the ALJ determined that Plaintiff is precluded from jobs requiring interaction with the public, and also jobs involving more than incidental interaction with coworkers. (*Id.* ¶ 4, R. 27.)

Given the stated RFC, the ALJ determined that Plaintiff cannot perform past relevant work as a cashier checker. (*Id.* ¶ 5, R. 32.) Based on the RFC, Plaintiff's age (38 as of the application date), education (high school), and vocational expert testimony, the ALJ found that Plaintiff can perform substantial gainful activity consisting of other jobs existing in substantial numbers in the national economy, including the representative jobs of garment folder, hand packager, and janitor.[2] (*Id.* ¶ 9, R. 32-33.) Because the ALJ found that Plaintiff can transition to other substantial gainful activity, the ALJ concluded that Plaintiff was not under a disability for purposes of the Social Security Act. (*Id.* ¶ 10, R.

---

[2] Plaintiff has not raised any issue concerning the job definitions contained in the Dictionary of Occupational Titles. Nor has Plaintiff argued that the job incident data is unreliable.

33.)

## Standard of Review

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## Discussion

Plaintiff argues the ALJ erred because he did not properly evaluate the medical expert opinion evidence when assessing Plaintiff's RFC. Plaintiff also contends the ALJ's discussion of Plaintiff's subjective complaints is not supported by substantial evidence because the ALJ did not accurately characterize the evidence of record, and unreasonably relied on Plaintiff's request for unemployment benefits after her alleged onset date.

In his discussion of Plaintiff's RFC, the ALJ discussed in some detail Plaintiff's alleged disability, and addressed the symptoms and the limits resulting from obesity (postural and environmental limitations), and major depressive disorder and personality disorder (simple work, adjustment, judgment and social limitations). (R. 28-30.) Although

Plaintiff reported she suffers from significant anxiety, social discomfort, and mood instability, which impacted her reliability as a cashier at Walmart, the ALJ concluded that Plaintiff's subjective report considerably overstated the degree of limitation Plaintiff actually experienced. The ALJ observed that Plaintiff has good function regarding the activities of daily living; she performed the typical activities required of independent living and engaged in relatively demanding family-oriented activity, including home schooling children, participating in homeschool cooperative activities with others, caring for her parents, and attending school, sport, and church events. (R. 30.)

The ALJ also considered expert opinion concerning Plaintiff's ability to engage in vocational activity. The ALJ gave great weight to the opinion of Donna Gates, Ph.D., who reported that Plaintiff likely could relate adequately to others, manage work stress, function independently on simple tasks, and maintain personal appearance. (Ex. 6F; R. 30-31.) The ALJ concluded that the opinion offered by Dr. Gates was more reliable than that of provider Gayle Knee, LCSW, who opined that Plaintiff would be unreliable and would not interact with others without undue distraction. (Ex. 14F.) The ALJ concluded that Ms. Knee's treatment records and Plaintiff's daily activities did not support her conclusion. (R. 31.) Finally, the ALJ determined that Plaintiff's request for unemployment benefits after her alleged onset date, while not dispositive, was at least suggestive of Plaintiff's subjective belief that she could engage in work activity. (R. 30.)

### A. Expert Opinions

The ALJ's evaluation of the medical evidence, including the expert opinions, is supported by the record evidence. The ALJ supportably afforded Dr. Gates' opinion great

weight as it was consistent with the opinions of the psychological consultants, David Houston, Ph.D. and Brian Stahl, Ph.D., who determined that Plaintiff could perform simple tasks and could adapt to simple, routine changes (R. 89-91, 103-05), Plaintiff's daily activities, and the results of Plaintiff's mental status examinations. (E.g., R. 637, 640, 666.)

Plaintiff contends the ALJ necessarily judged matters entrusted to experts because the RFC finding does not closely correspond with the opinions of either Ms. Knee or Dr. Gates, and in fact was more limiting than Dr. Gates' assessment.[3] (Statement of Errors 5-6.) The fact that the RFC is more favorable to Plaintiff than the expert opinion upon which the ALJ relied does not constitute prejudicial error. *Pressey v. Berryhill*, No. 2:16-CV-425-JDL, 2017 WL 2731308, at *5 (D. Me. June 25, 2017); *Bowden v. Colvin*, No. 1:13-CV-201-GZS, 2014 WL 1664961 at *4 (D. Me. Apr. 25, 2014) (noting the "long-standing rule of Social Security law in this district that a claimant may not obtain a remand on the basis of an RFC that is more favorable to him ... than the evidence would otherwise support"). Plaintiff has presented no evidence or legal argument to warrant a departure from this basic principle.

**B. Plaintiff's Subjective Complaints**

Plaintiff argues the ALJ improperly assessed Plaintiff's subjective report of symptoms. Specifically, Plaintiff contends that under Social Security Ruling 16-3p, the ALJ is limited in his ability to consider a claimant's "credibility" when evaluating the

---

[3] Plaintiff also challenges the ALJ's finding that Ms. Knee's treatment notes do not suggest a severe condition, because Ms. Knee treated Plaintiff predominantly before Plaintiff's alleged onset date. (Statement of Errors at 6.) Defendant correctly notes that Plaintiff's failure "to point to any evidence of treatment with Ms. Knee during the relevant period actually cuts against Plaintiff's argument that the ALJ should have credited her opinion." (Response at 8.)

5

extent to which an impairment results in a functional limitation. (Statement of Errors at 7, citing Social Security Ruling 16-3p, Evaluation of Symptoms in Disability Claims.) Plaintiff evidently contends the ALJ's decision followed the former approach because the ALJ found Plaintiff's subjective report to be "inconsistent" with the record, Plaintiff's activities of daily living, and Plaintiff's pursuit of unemployment benefits. (*Id.* at 8-9.)

The prefatory summary of Social Security Ruling 16-3p states that the Ruling "provides guidance about how [components of the Social Security Administration will] evaluate statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims under Titles II and XVI of the Social Security Act (Act) and blindness claims under Title XVI of the Act." 81 Fed. Reg. at 14166. In the statement of purpose, the Ruling explains that, based on a commissioned study, the Administration determined it should "eliminat[e] the use of the term 'credibility' from [its] sub-regulatory policy," i.e. former Ruling 96-7p, because the term does not appear in the Administration's regulations. *Id.* at 14167.

Ruling 16-3p provides that the evaluation of a claimant's symptoms is governed by a two-step process consisting of (1) a determination whether the claimant has one or more medically determinable impairments that reasonably could be expected to produce the alleged symptoms, and (2) an evaluation of the intensity and persistence of the symptoms to determine the extent of any resulting limitation in the claimant's ability to perform work-related activities. *Id.* at 14167–68. While the Ruling clarifies the extent to which an ALJ can rely on a credibility determination (i.e., adjudicators "will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court

6

litigation"), the Ruling does not dictate that any particular evidence, including evidence of a claimant's motivation, is immaterial. *Id.* at 14171. The Ruling specifically provides that the second step of the process for evaluating symptoms requires the consideration of "other evidence" if a fully favorable disability decision cannot be reached solely on the objective medical evidence. *Id.* at 14169. Such evidence "includes statements from the individual, medical sources, and any other sources that might have information about the individual's symptoms." *Id.*

The Ruling recognizes that a claimant or others might make statements that are consistent or inconsistent with the claimant's subjective report of symptoms. The Ruling thus provides:

> If an individual's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and the other evidence of record, we will determine that the individual's symptoms are more likely to reduce his or her capacities to perform work-related activities for an adult.... In contrast, if an individual's statements about the intensity, persistence, and limiting effects of symptoms are inconsistent with the objective medical evidence and the other evidence, we will determine that the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities ....

*Id.* at 14170. Furthermore, the Ruling specifies that the Administration "will consider the consistency of the individual's own statements." *Id.* While consistency generally favors the claimant, inconsistency may mean, "but does not necessarily mean," that the claimant's report of symptoms is "inaccurate." *Id.*[4] "[T]he deferential standard of review . . .

---

[4] *See also*, *e.g.*, *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) ("The change in wording is meant to clarify that administrative law judges aren't in the business of impeaching claimants' character; obviously administrative law judges will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence.").

7

continues to apply following the adoption of SSR 16-3p, but for the use of the term 'credibility.'" *Christopher D. v. Berryhill*, No. 1:17-cv-377-JHR, 2018 WL 4087477 (D. Me. Aug. 24, 2018).

In considering Plaintiff's arguments, the Court must be mindful that "issues of credibility and the drawing of permissible inference from evidentiary facts are the prime responsibility of the Commissioner, and the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [her], not for the doctors or for the courts." *Purdy v. Berryhill*, 887 F.3d 7, 13 (1st Cir. 2018) (internal quotation marks omitted). "An applicant's residual functional capacity is, after all, an administrative finding reserved to the Commissioner." *Id.* at 14 (citing 20 C.F.R. §§ 416.927(d)(2), 416.946).

Here, the ALJ's assessment of the record, including his consideration of Plaintiff's report of symptoms, was in accord with the applicable regulations and law. The ALJ did not evaluate or comment on Plaintiff's character. Instead, the ALJ logically assessed whether Plaintiff's activities and actions were consistent with her subjective complaints. Such an assessment is essential to the adjudication of any claim.

In the context of this case and on this record, Plaintiff's argument that the ALJ improperly relied on or weighed Plaintiff's efforts to obtain unemployment benefits is unpersuasive. First, the law does not prohibit an ALJ from considering such evidence. In addition, in this case, it was one among many facts and opinions that supported the ALJ's decision. *Perez v. Sec'y of Health, Educ. & Welfare*, 622 F.2d 1, 3 (1st Cir. 1980) ("We are reluctant to say that a claimant's decision to hold himself out as able to work for the

purpose of receiving unemployment benefits may never be considered on the issue of disability. … At least where there was medical and vocational evidence supporting the denial of benefits and claimant's receipt of unemployment benefits does not appear to have been the decisive factor in the denial of benefits, we are not inclined to overturn the Secretary's decision."); *Lambert v. Berryhill*, 896 F.3d 768, 779 (7th Cir. 2018) (citing ALJ's failure to take into account the strong incentive a disability claimant should have to keep looking for work and pursue unemployment compensation, given the uncertainty of a disability claim, but also the ALJ's failure to consider new treating-expert opinion evidence and claimant's related testimony about symptoms, in overturning ALJ's decision). The ALJ, therefore, did not err when he observed that while Plaintiff's request for unemployment benefits was not "dispositive," the fact that she held "herself out to another agency as ready and able to work during a period in which she now claims she was totally disabled is inconsistent with her allegations concerning the severity of her impairments and their impact on her ability to work." (R. 30.)

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within

fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of February, 2019.